

NUMBER 13-10-548-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JERRY PAUL KELLY
AKA KENNETH KELLY,

Appellant,

v.

THE STATE OF TEXAS,                                  Appellee.

On appeal from the Criminal District Court
of Jefferson County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant Jerry Paul Kelly a/k/a Kenneth Kelly appeals from his conviction for the

state-jail felony offense of evading detention with a motor vehicle.  *See* Act of May 25,

2001, 77th Leg., R.S., ch. 1334 & 1480, 2001 Tᴇx. Gᴇɴ. Lᴀᴡs 3291, 3292, 2001 Tᴇx.

GEN. LAWS 5265, 5265 (codified at TEX. PENAL CODE ANN. § 38.04(a), (b)(1)) (amended 2009) (current version at TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B) (West Supp. 2010)).[1]   Kelly pleaded guilty to the offense, was assessed a $500 fine, and was sentenced to two years' confinement, which was suspended and probated for a term of five years.   Approximately two years later, the State moved to revoke Kelly's probation; Kelly pleaded true to the three violations alleged by the State in its motion.   The trial court then revoked Kelly's probation and sentenced him to fifteen months' confinement in the State Jail Division of the Texas Department of Criminal Justice.

Concluding that any appeal by Kelly in this case would be "without merit and [] frivolous," counsel filed an *Anders* brief in which she reviewed the merits, or lack thereof, of the appeal.   We affirm as modified.[2]

## I.   COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Kelly's court-appointed appellate counsel has filed a brief with this Court, in which she states that having "diligently review[ed] the record in this case and research[ed] the law," "[n]o reversible error has been found in this case."   After discussing Kelly's plea agreement, the punishment assessed in accordance with the agreement, the subsequent revocation proceedings, and the law applicable to the foregoing, counsel concludes that "there are no grounds upon which an appeal can be predicated."   *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need

---

[1]   The date of Kelly's offense was September 19, 2007.   At that time, a prior version of Texas Penal Code section 38.04 was in effect.

[2]   This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Kelly's counsel has, thus, carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that she has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on Kelly, and (3) informed Kelly of his right to review the record and to file a pro se response within thirty days.[3] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Kelly has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by

---

[3] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

3

indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. The only error in the record is what appears to be a typographical error in both the trial court's 2008 judgment of conviction and 2010 judgment revoking community supervision. The judgments list the statute for the offense as subsection "38.04(a)(1) [of the] Penal Code"—no such subsection existed in the version of the code applicable at the time of Kelly's offense.[4] At the time of Kelly's offense, the subsections of the penal code establishing the state-jail felony offense for evading arrest or detention through the use of a vehicle were sections 38.04(a) and (b)(1). *See* Act of May 25, 2001, 77th Leg., R.S., ch. 1334 & 1480, 2001 TEX. GEN. LAWS 3291, 3292, 2001 TEX. GEN. LAWS 5265, 5265 (codified at TEX. PENAL CODE ANN. § 38.04(a), (b)(1)). Accordingly, because we have the necessary data and evidence for reformation, we modify the trial court's judgments to reflect the correct subsections of the penal code—section 38.04(a) and (b)(1). *See id.*; *see also* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). We affirm the judgment of the trial court as modified.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Kelly's attorney has asked this Court for permission to withdraw as counsel for Kelly. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous,

---

[4] Neither does subsection "38.04(a)(1)" exist in the current version of the code. *See generally* TEX. PENAL CODE ANN. § 38.04 (West Supp. 2010).

4

he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on December 16, 2010. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Kelly and to advise Kelly of his right to file a petition for discretionary review.[5] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of July, 2011.

---

[5] No substitute counsel will be appointed. Should Kelly wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.